UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: MAUREEN                                        CIVIL ACTION
PHILIPS LEBLANC
                                                      NO. 18-11748

                                                      SECTION "F"

ORDER AND REASONS

Before the Court is Ocwen Loan Servicing, LLC's motion for rehearing, pursuant to Federal Rule of Bankruptcy Procedure 8022, of this Court's Order affirming the Bankruptcy Court's ruling that the property description in the Original Ocwen Mortgage was insufficient to encumber Lot 47. For the reasons that follow, the motion is DENIED.

**Background**

The issue in this bankruptcy appeal is whether a property description in a conventional mortgage is sufficient to encumber a residential lot located in a subdivision in Slidell, Louisiana. The Court assumes familiarity with the facts of the case as summarized in the Court's June 3, 2019 Order and Reasons.

In August of 2001, Maureen Philips LeBlanc purchased adjacent Lots 46 and 47, situated in Section 1 of Bayou Bonfouca Estates in Slidell, Louisiana. Three years later, on May 5, 2004, LeBlanc sold Lot 46. The following year, on July 25, 2005, she executed a promissory note in favor of Quicken Loans, Inc., secured by a mortgage in favor of Mortgage Electronic Registration Systems,

1

Inc.[1]  Recorded in the St. Tammany Parish mortgage records on August 15, 2005 as Instrument No. 1512016, the "Original Ocwen Mortgage" describes the mortgaged property as follows:

> Tax ID Number: 1240534749
>
> Land situated in the Parish of St. Tammany, State of Louisiana is described as follows:
>
> All that certain Lot or Parcel of Land, together with all the buildings and improvements thereon, and all the rights, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in BAYOU BONFOUCA ESTATES, SECTION 1, Slidell, Street. [sic] Tammany Parish, to-wit: **Lot 46** of said subdivision and more fully described as follows: Said Lot 46 has a frontage of 50.00 feet on Middlebrook Drive, with a depth on the East of 123.9 feet, a depth on the West of 121.6 feet, with a width in the rear of 100.00 feet, more or less, which is varied by the traverse of Bayou Bonfouca. All as will be seen by reference to plat of Survey No. 2028 by John Sollberger, dated August 12, 1958. Further in accordance with survey by Ivan M. Borgen, C.E., dated February 14th, 1978, Survey No. 14,174, copy of which is attached to Act No. 382991.
>
> Commonly known as: 161 Middlebrook Dr., Slidell, LA 90458

Emphasis added. LeBlanc intended to place the mortgage on Lot 47 of Bayou Bonfouca Estates, Section 1, which bears the stated municipal address of 161 Middlebrook Drive and the tax ID number listed in the mortgage property description. However, the Original

---

[1] Because Ocwen Loan Servicing, LLC currently services the mortgage, the Court refers to the July 25, 2005 mortgage as the "Original Ocwen Mortgage."

Ocwen Mortgage erroneously refers to "Lot 46" and contains the metes and bounds description for the lower-numbered lot.[2]

Soon after, LeBlanc executed three additional mortgages. First, she issued a multiple indebtedness mortgage in favor of Hibernia National Bank, which is currently assigned to Real Time Resolutions, Inc. Recorded in the St. Tammany Parish mortgage records on November 22, 2005, the Real Time Mortgage references 161 Middlebrook Drive and contains the same tax ID number as that included in the Original Ocwen Mortgage, but it refers to "Lot 47" and contains the metes and bounds description for the higher-number lot.

Next, on December 13, 2005, LeBlanc executed a mortgage in favor of the U.S. Small Business Administration, which was recorded in the St. Tammany Parish mortgage records on January 11, 2006. Finally, LeBlanc executed another mortgage in favor of MERS nearly identical to the Original Ocwen Mortgage, except that it identifies the mortgaged property as Lot 47, rather than Lot 46, and contains the metes and bounds for Lot 47. Although the "Corrected Ocwen

---

[2] During a trial conducted before the Bankruptcy Court on July 27, 2018, Ms. LeBlanc testified that Lots 46 and 47 shared the address of 161 Middlebrook Drive at the time she purchased them:
    **The Court:** All right, let's back up. You bought two lots when you bought –
    **A:** Uh-huh, and it was 161 Middlebrook Drive.

3

Mortgage" is ostensibly dated July 25, 2005, it was not recorded in the St. Tammany Parish mortgage records until March 8, 2006.[3]

Thereafter, on June 7, 2006, the Clerk of Court for St. Tammany Parish cancelled the Original Ocwen Mortgage from the mortgage records, at the request of MERS. Contrary to its representations, MERS did not hold the promissory note secured by

---

[3] The Corrected Ocwen Mortgage describes the mortgaged property, in full, as follows:

Tax ID Number: 1240534749

Land situated in the Parish of St. Tammany, State of Louisiana is described as follows:

All that certain lot or parcel of ground, together with all the buildings and improvements thereon, and all the rights, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in Bayou Bonfouca Estates, Section I, Slidell, St. Tammany Parish, to-wit:

Lot 47 of said subdivision and more fully described as follows:

Said Lot 47 has a frontage of 50 feet on Middlebrook Drive, with a depth on the East of 150.2 feet, a depth on the West of 123.9 feet, with a width in the rear of 100 feet more or less which is varied by the traverse of Bayou Bonfouca.

All as will be seen by reference to plat of Survey No. 2028 by John Sollberger, dated August 12, 1958. Further in accordance with survey by Ivan M. Borgen, C.E., dated February 14th, 1978, Survey No. 14,174, which is attached to Act No. 382990.

Commonly known as: 161 Middlebrook Dr., Slidell, LA 90458

the Original Ocwen Mortgage at that time, and the note had not been satisfied.

A decade later, on August 31, 2017, Maureen LeBlanc filed for bankruptcy under Chapter 13. Contending that the Original Ocwen Mortgage ranks as the first of three mortgages recorded against Lot 47 in Section 1 of Bayou Bonfouca Estates, Ocwen moved the Bankruptcy Court for an order: (1) annulling the erroneous cancellation of the Original Ocwen Mortgage; and (2) declaring the property description in that mortgage sufficient to encumber Lot 47 and rank ahead of all mortgages recorded after August 15, 2005.

After conducting a trial and entertaining witness testimony, the Bankruptcy Court issued an Order on October 30, 2018, granting in part and denying in part Ocwen's motion. In its ruling, the Bankruptcy Court annulled the cancellation of the Original Ocwen Mortgage but held that the property description in that mortgage was insufficient to encumber or alert a third party that it affects Lot 47. Accordingly, the Bankruptcy Judge determined that Ocwen's interest in Lot 47 dates from the recordation of the Corrected Ocwen Mortgage on March 8, 2006, and therefore, ranks behind the Real Time Mortgage and the SBA Mortgage.

Ocwen promptly appealed that Order to this Court, contending that the Bankruptcy Court erred in holding that the Original Ocwen Mortgage lacked a sufficient property description to encumber Lot 47. In the alternative, insofar as the Bankruptcy Court was

correct regarding the insufficiency of the Original Ocwen Mortgage's property description, Ocwen argued that it erred in finding that the SBA Mortgage ranks ahead of the Corrected Ocwen Mortgage when there is no evidence regarding the validity or rank of the SBA Mortgage in the record.

On June 3, 2019, this Court affirmed the Bankruptcy Court's ruling that the property description in the Original Ocwen Mortgage was insufficient to encumber Lot 47 but remanded the matter for a determination on the merits as to the validity and rank of the SBA Mortgage. Ocwen now moves for rehearing of the Court's June 3, 2019 Order and Reasons.

I.

Federal Rule of Bankruptcy Procedure 8022(a)(1) allows a party to a bankruptcy appeal to file a motion for rehearing within fourteen days of the district court's order. With respect to content, Rule 8022(a)(2) provides that a motion for rehearing "must state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. Proc. 8022(a)(2). Although Rule 8022 does not provide a standard for determining whether rehearing is appropriate, the Fifth Circuit, in an unpublished opinion, has recognized that "such a motion may be granted to correct a 'mistaken use of facts or law' in the prior decision." In re Mar. Commun./Land Mobile, L.L.C., 745 F. App'x

561, 562 (5th Cir. 2018) (per curiam) (internal citations omitted); see also In re Coleman, No. 15-569, 2015 WL 7101129, at *1 (E.D. La. Nov. 13, 2015) ("The Court is of the opinion that the standard is simply whether the Court would have reached a different result had it been aware of its mistaken use of facts or law.").

II.

In support of its motion for rehearing, Ocwen submits that the Court "misapplied key facts in reaching its conclusion that the Original Ocwen Mortgage was not ambiguous, but misleading." Specifically, Ocwen argues that the Court made two errors in applying facts. First, the Court recognized that the municipal address of 161 Middlebrook Drive did not pertain to Lot 46 at the time the Original Ocwen Mortgage was executed but hinged its ruling that the property description in the mortgage was misleading upon the fact that 161 Middlebrook Drive applied to both Lots 46 and 47. Because 161 Middlebrook did not pertain to Lot 46 when the Original Ocwen Mortgage was executed, Ocwen submits, the use of 161 Middlebrook in the property description, coupled with the description's reference to Lot 46 and inclusion of the metes and bounds description of Lot 46, created an ambiguity in the property description. Second, even if 161 Middlebrook Drive did apply to both Lots 46 and 47 when the Original Ocwen Mortgage was executed, the fact that the Original Ocwen Mortgage referred to 161 Middlebrook but only referenced one lot created an ambiguity in

7

the property description that "raised a red flag" that both lots may be affected.

The appellee counters that Ocwen fails to identify a mistake of law or fact and, instead, simply rehashes prior arguments, making rehearing unwarranted. The Court agrees.

On June 3, 2019, the Court determined that the Bankruptcy Court correctly found the property description in the Original Ocwen Mortgage to be misleading, rather than ambiguous, and therefore insufficient to encumber Lot 47. Although Ocwen now asks the Court to reconsider its ruling, the appellant fails to identify any mistake of fact or law underlying this Court's decision. Instead, Ocwen simply re-urges its arguments, which the Court previously rejected.

First, Ocwen argues that an ambiguity in the Original Ocwen Mortgage arises from the inclusion of the mortgaged property's municipal address – 161 Middlebrook Drive. Ocwen submits that the Court correctly explained that debtor Maureen LeBlanc purchased adjacent Lots 46 and 47 in 2001, at which time the lots shared the municipal address of 161 Middlebrook Drive. But, the Court also recognized that LeBlanc sold Lot 46 on May 5, 2004, and that 161 Middlebrook Drive ceased to apply to Lot 46 in 2004. More than a year later, LeBlanc executed the Original Ocwen Mortgage over property identified by "Parcel ID Number: 1240534749[,] which currently has the address of 161 Middlebrook Drive," and is further

8

described as "Lot 46," having a metes and bounds description that corresponds to Lot 46.

Ocwen submits that the property description in the Original Ocwen Mortgage is ambiguous, rather than misleading, because it does not wholly refer to some other property that exists. In 2005, when the Original Ocwen Mortgage was executed, 161 Middlebrook Drive applied only to Lot 47, so the mortgage's reference to that municipal address, coupled with the name "Lot 46" and the metes and bounds description for Lot 46 created an ambiguity. Extrinsic evidence, in turn, confirms that Ms. LeBlanc intended to encumber Lot 47.

In so arguing, Ocwen simply recycles the same arguments that this Court considered and rejected when the Bankruptcy Court's ruling was affirmed. Relying on In re Vezinot for the proposition that a property description is ambiguous, rather than misleading, where an error is apparent from the face of the mortgage instrument and other recorded documents incorporated by reference therein, this Court determined that an individual reading the Original Ocwen Mortgage at the time it was executed and recorded would not be put on notice of an error. See In re Vezinot, 20 B.R. 950, 954 (Bankr. W.D. La. 1982) ("Third persons searching the records for mortgages should not be bound to look beyond the mortgage records unless the mortgage itself refers to another recorded instrument.").

9

Although the tax ID number contained in the Original Ocwen Mortgage corresponds to Lot 47, one would have to look beyond the mortgage records to the records of the St. Tammany Parish Assessor's Office to make this determination. Relatedly, while a deed of sale recorded in the conveyance records would reveal that LeBlanc had sold Lot 46 in 2004, and therefore could not have encumbered Lot 46 in 2005, this "fact" was not apparent from the face of the mortgage or any document incorporated by reference therein. Finally, although extrinsic evidence suggests that Lot 46 may no longer have been linked to 161 Middlebrook Drive beginning in 2004, this information, too, was not apparent from the mortgage instrument or the mortgage records.

To the contrary, the *mortgage records* reflect that the Original Ocwen Mortgage encumbers Lot 46 only. As discussed in this Court's Order and Reasons, former landman, Kristen Brown, testified that an online search of 161 Middlebrook Drive in the mortgage records of St. Tammany Parish generates mortgages purportedly encumbering both lots. Although the Original Ocwen Mortgage appears in this search, the mortgage is listed as encumbering "Lot 46," rather than Lot 47.[4]

---

[4] Kristen Brown testified as follows concerning her online search of the St. Tammany Parish public records:
    **Q:** Does the Clerk of Court for St. Tammany Parish provide the ability to search for public records online?
    **A:** Yes.

Ocwen next contends that, even if 161 Middlebrook Drive did apply to both Lots 46 and 47 when the Original Ocwen Mortgage was

---

**Q:** Okay, Ms. Brown, does this document fairly and accurately represent a printout of the results for the online search of 161 Middlebrook Drive in Slidell in the subdivision of Bayou Bonfouca Estates?
**A:** Using that criteria, yes.
**Q:** I'd like to offer … into evidence Ocwen Exhibit 15.
. . .
**BR Ct:** … do you have an objection to 15, its authenticity, or to the fact that it reflects three encumbrances on Lots 46 – well, two on 46, one of 47, the status of the first is cancelled, the bottom two active?
**Counsel for Real Time:** No, Your Honor, I do not.
. . .
**BR Ct:** … and so the clerk's office automatically comes up with the inscriptions based on their search engine but it does designate different lots because they are both – both lots I guess are falling under 161 Middlebrook?
**A:** It looks that way from this. I don't – every clerk's office is different when they enter in the legal description so it's not really –
**BR Ct:** But this definitely implies that there are two encumbrances on Lot 46 and one of Lot 47.

The Court also notes that, although the record on appeal contains two mortgage certificates prepared for Lots 46 and 47 in March of 2018, the Original Ocwen Mortgage appears on neither because it was cancelled from the mortgage records in June of 2006. And the record does not contain certificates prepared for either lot after the Original Ocwen Mortgage was recorded on August 15, 2005 but before it was cancelled on June 7, 2006.
  In any event, the mortgage certificates included in the record on appeal describe the mortgaged property by lot number and metes and bounds description with no reference to municipal address or tax ID number. See In re Vezinot, 20 B.R. 950, 955 (Bankr. W.D. La. 1982) ("Failure of a mortgage certificate to show a certain mortgage, through no fault of the officer preparing it, is fairly weighty evidence to the effect that the property description contained in that mortgage was insufficient to place third parties on notice of its existence.").

executed, the fact that the mortgage referred to 161 Middlebrook Drive but only referenced one lot in and of itself created an ambiguity that "raised a red flag" to incite further inquiry. But as discussed above, the Court did not assume that 161 Middlebrook Drive applied to both lots at the time the Original Ocwen Mortgage was executed.

Moreover, to the extent Ocwen contends that the Court erred in straying from its decision in In re Heitmeier, Ocwen likewise fails to identify an error of fact or law. Heitmeier addressed a similar (but not identical) situation as presented to the Bankruptcy Court – whether the property description in a deed of trust (Mississippi's analogue to a conventional mortgage) containing the municipal address for one parcel of land but the metes and bounds description for an adjacent parcel would "'raise a red flag to third parties' that both properties may be subject to the security interest." In re Heitmeier, No. 13-11320, 2013 WL 5705640 (Bankr. E.D. La. Oct. 18, 2013). The Court has already determined that a sufficient factual distinction exists between this case and Heitmeier to justify different rulings,[5] and further

---

[5] See Order and Reasons dtd. 6/3/19 ("Although the Court agrees with Ocwen that it would have been provident of the Bankruptcy Court to address Heitmeier in its Reasons for Decision in this case, the Court finds Heitmeier factually distinguishable. In the Heitmeier deed, the street address was correct for one parcel, while the metes and bounds description was correct for an adjacent parcel. Here, with respect to the Original Ocwen Mortgage, the lot number and metes and bounds description were correct for one

emphasizes that Heitmeier is not controlling on this Court or the Bankruptcy Court. Thus, Heitmeier does not compel a different outcome than that reached in this case.

Although Ocwen advances colorable arguments in support of its position, it fails to identify any error of fact or law underlying this Court's determination that the property description in the Original Ocwen Mortgage was misleading and therefore insufficient to encumber Lot 47. Because Ocwen simply disagrees with this Court's decision, rehearing is inappropriate.

Accordingly, IT IS ORDERED: that Ocwen Loan Servicing, LLC's motion for rehearing is hereby DENIED.

New Orleans, Louisiana, August 7, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

parcel (Lot 46), and the street address and tax ID were correct for another parcel (Lot 47), *but* that same street address had *also* applied to Lot 46. Thus, a third party may *not* have been put on notice that any further investigation was necessary.").